FILED

2005 AUG -4 PM 1:07

STE... CLERK
U.S. DISTRICT COURT
FOR THE NORTHERN DISTRICT
OF INDIANA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, <br><br> Plaintiff, <br><br> v. <br><br> FISERV INC. and FISERV SOLUTIONS INC. d/b/a MORTGAGESERV, <br><br> Defendants. | CIVIL ACTION NO. 3:05CV0469 AS <br> COMPLAINT <br><br> JURY TRIAL DEMAND |

## NATURE OF THE ACTION

This is an action under Title I of the Americans with Disabilities Act of 1990 and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of disability and to provide appropriate relief to Jeffrey Stahl who was adversely affected by such practices. As alleged with greater particularity in paragraph 11 below, the Commission alleges that Respondents failed to provide Jeffrey Stahl (who has cerebellar degeneration of unknown origin) with the same terms and conditions of employment, with or without reasonable accommodation, that it provided to other non-disabled employees.

## JURISDICTION AND VENUE

1.      Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 107(a) of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12117(a), which incorporates by reference Sections 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C.§ 2000e-5(f)(1) and (3) and Section 102 of the Civil Rights Act of 1991, 42 U.S.C.

§ 1981a.

2. The employment practices alleged to be unlawful were and are now being committed within the jurisdiction of the United States District Court for the Northern District of Indiana, South Bend Division.

## PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title I of the ADA and is expressly authorized to bring this action by Section 107(a) of the ADA, 42 U.S.C. § 12117(a), which incorporates by reference Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

4. At all relevant times, Defendant, Fiserv Inc. ("Fiserv"), has continuously been a Wisconsin Corporation doing business in the State of Wisconsin and the City of Brookfield, and has continuously had at least 15 employees.

5. At all relevant times, Fiserv has continuously been an employer engaged in an industry affecting commerce under Section 101(5) of the ADA, 42 U.S.C.§ 12111(5), and Section 101(7) of the ADA, 42 U.S.C. § 12111(7), which incorporates by reference Sections 701(g) and (h) of Title VII, 42 U.S.C. §§ 2000e(g) and (h).

6. At all relevant times, Fiserv has been a covered entity under Section 101(2) of the ADA, 42 U.S.C. § 12111(2).

7. At all relevant times, Defendant, Fiserv Solutions Inc. d/b/a MortgageServ ("MortgageServ"), a wholly-owned subsidiary of Fiserv, has continuously been a Wisconsin Corporation doing business in the State of Indiana and the City of South Bend, and has

continuously had at least 15 employees.

8. At all relevant times, MortgageServ has continuously been an employer engaged in an industry affecting commerce under Section 101(5) of the ADA, 42 U.S.C.§ 12111(5), and Section 101(7) of the ADA, 42 U.S.C. § 12111(7), which incorporates by reference Sections 701(g) and (h) of Title VII, 42 U.S.C. §§ 2000e(g) and (h).

9. At all relevant times, MortgageServ has been a covered entity under Section 101(2) of the ADA, 42 U.S.C. § 12111(2).

## STATEMENT OF CLAIMS

10. More than thirty days prior to the institution of this lawsuit, Jeffrey Stahl filed a charge with the Commission alleging violations of Title I of the ADA by Defendant MortgageServ. All conditions precedent to the institution of this lawsuit have been fulfilled.

11. Since approximately May 2003, Defendants have engaged in unlawful employment practices at MortgageServ's South Bend Indiana facility, in violation of Section 102 (a) of Title I of the ADA, 42 U.S.C.§ 12112(a). These practices include Defendants' refusal to afford Jeffrey Stahl the same terms and conditions of employment as non-disabled employees (remote work), with or without reasonable accommodation.

12. The effect of the practices complained of in paragraph 11 above has been to deprive Jeffrey Stahl of equal employment opportunities and otherwise adversely affect his status as an employee, because of his disability.

13. The unlawful employment practices complained of in paragraph 11 above were and are intentional.

14. The unlawful employment practices complained of in paragraph 11 above were and are being done with malice or with reckless indifference to the federally protected rights of Jeffrey Stahl.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendants, their officers, successors, assigns, and all persons in active concert or participation with them, from engaging in disability discrimination and any other employment practice which discriminates on the basis of disability.

B. Order Defendants to institute and carry out policies, practices, and programs which provide equal employment opportunities for qualified individuals with disabilities, and which eradicate the effects of their past and present unlawful employment practices.

C. Order Defendants to make whole Jeffrey Stahl by providing appropriate backpay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of their unlawful employment practices, including but not limited to reinstatement as a remote employee.

D. Order Defendants to make whole Jeffrey Stahl by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of in paragraph 11 above, including emotional pain, suffering, loss of enjoyment of life, and humiliation, in amounts to be determined at trial.

E. Order Defendants to pay Jeffrey Stahl punitive damages for their malicious and reckless conduct, as described in paragraph 11 above, in amounts to be determined at trial.

F. Grant such further relief as the Court deems necessary and proper in the public

4

interest.

    G.    Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

Respectfully submitted,

ERIC S. DREIBAND
General Counsel

JAMES L. LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
1801 L Street, N.W.
Washington D.C. 20507

LAURIE A. YOUNG, #11480-49
Regional Attorney

MICHELLE EISELE, #12070-49
Supervisory Trial Attorney

NANCY DEAN EDMONDS
Senior Trial Attorney

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
Indianapolis District Office
101 W. Ohio St., Suite 1900
Indianapolis, IN 46204-4203
Phone: (317) 226-7229
Fax: (317) 226-5571
E-mail: <u>Nancy.Edmonds@eeoc.gov</u>