UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT ) | |
| OPPORTUNITY COMMISSION, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CAUSE NO. 3:05-cv-469 AS |
| ) | |
| FISERV, INC., and FISERV ) | |
| SOLUTIONS, INC., ) | |
| ) | |
| Defendants. ) | |

**ORDER AND OPINION**

Plaintiff, the Equal Employment Opportunity Commission ("EEOC"), filed this action on August 4, 2005, alleging that Defendants, Fiserv, Inc, and Fiserv Solutions Inc. (collectively "Fiserv"), engaged in discriminatory employment practices in violation of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12117(a). On February 9, 2006, in compliance with N.D. L.R. 37.1, the EEOC filed a motion to compel answers to its interrogatories and requests for production. On February 24, 2006, Fiserv served its discovery responses. On April 12, 2006, this Court conducted an in-court hearing on the EEOC's motion. For the following reasons, the EEOC's motion to compel [Doc. No. 17] is **GRANTED**.

**I.   RELEVANT BACKGROUND**

On August 4, 2005, the EEOC filed this action against Fiserv alleging that since May 2003, Fiserv has refused to afford Jeffrey Stahl the same terms and conditions of employment as non-disabled employees, with or without reasonable accommodations. On November 9, 2005, the EEOC served its discovery requests on Fiserv. Upon request of defense counsel, the EEOC granted Fiserv a two week extension to serve their responses. (Edmonds' Affidavit ¶ 4).

According to Edmonds' uncontested affidavit, during a January 26, 2006 telephone conversation, defense counsel promised to provide the discovery responses by February 6, 2006, at the latest. (Edmonds' Affidavit ¶ 6).  However, Fiserv failed to provide the responses on this date.  As a result, on February 9, 2006, and in compliance with N.D. L.R. 37.1, the EEOC filed a motion to compel answers to its interrogatories and requests for production.  On February 24, 2006, four days before their response to the motion to compel was due, Fiserv finally served their discovery responses on the EEOC.  Fiserv argues that the EEOC's motion was moot because they had complied with the discovery requests and that it would therefore, be inappropriate to award fees.

On March 8, 2006, the EEOC filed its reply, asserting that it was still seeking fees. Furthermore, the EEOC argues that the answers to the interrogatories are incomplete because Fiserv's objections of relevancy, vagueness, attorney-client privilege, and work product doctrine have either been waived or are not justified.  As a result of the ongoing discovery dispute, this Court conducted an in-court hearing on the EEOC's motion on April 12, 2006.  This Court may rule on the pending motion to compel pursuant to its referral order and 28 U.S.C. § 636(b)(1)(A).

**II.    LEGAL AUTHORITY**

Fed. R. Civ. P. 26 (b)(1) permits discovery into "any matter, not privileged, that is relevant to the claim or defense of any party."  Relevant information need not be admissible at trial so long as the discovery appears reasonably calculated to lead to the discovery of admissible evidence. Fed. R. Civ. P. 26 (b)(1). For the purpose of discovery, relevancy will be construed broadly to encompass "any matter that bears on, or that reasonably could lead to other matter[s] that could bear on, any issue that is or may be in the case." Chavez v. Daimler Chrysler, 206

2

F.R.D. 615, 619 (S.D. Ind. 2002) (quoting Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 351(1978)).

This Court has broad discretion when deciding whether to compel discovery. Fed. R. Civ. P. 26(c); Sattar v. Motorola, Inc., 138 F.3d 1164, 1171 (7th Cir. 1998) ("[D]istrict courts have broad discretion in matters related to discovery."); Gile v. United Airlines, Inc., 95 F.3d 492, 495-96 (7th Cir. 1996) ("The district court exercises significant discretion in ruling on a motion to compel."). In ruling on a motion to compel, "a district court should independently determine the proper course of discovery based upon the arguments of the parties." Gile, 95 F.3d at 496.

Fed. R. Civ. P. 37(a)(4) states that if the motion to compel is granted, or if the disclosures or requested discovery is provided after the motion was filed, the court shall, after affording an opportunity to be heard, require the party whose conduct necessitated the motion to pay the moving party the reasonable expenses incurred in making the motion (emphasis added).

### III. ANALYSIS

Although Fiserv has now provided discovery responses, the EEOC is still seeking its attorneys' fees associated with bringing the motion to compel. In addition, the EEOC argues that Fiserv's responses are insufficient because they contain numerous objections. The EEOC asserts that Fiserv has waived these objections by failing to timely raise them or that the objections are nonetheless meritless.

A. Attorneys' Fees

At the hearing, the EEOC argued that it was entitled to attorneys' fees pursuant to Fed. R. Civ. P. 37(a)(4) because Fiserv did not provide the discovery responses until after the motion to

compel was filed. Rule 37(a)(4) requires this Court to award the moving party the reasonable expenses incurred in making the motion unless the opposing party's non-disclosure was substantially justified. The record reveals that Fiserv was not substantially justified in its delay.

At the hearing, Fiserv's counsel attempted to justify her delay because she was extremely busy with her other cases and that it was difficult to get the requested information from her client. Counsel also indicated that she thought there was an agreement with opposing counsel that would allow additional time to provide the discovery responses. The difficult task for the Court is to determine the facts when there are conflicts between counsel. Usually it becomes a test of dueling contentions, the proverbial "she said, she said" argument. However, in this case, the EEOC's counsel submitted an affidavit in support of its motion. Fiserv's counsel did not. As such, this Court will treat the facts contained in the Plaintiff's counsel's affidavit as unrebutted and will assume they are true.

As a result, the explanation offered by Fiserv's counsel is insufficient to constitute substantial justification. Simply put, when served with interrogatories, Fiserv's counsel had three options: 1) answer them within the required time period, 2) negotiate an agreement with opposing counsel for an enlargement of time to answer, and 3) if all else fails, file a motion for an enlargement of time. Fiserv's counsel did none of these. Fiserv's counsel's conduct was dilatory, not diligent. And when the answers to the interrogatories were finally provided to the EEOC's counsel, they were laced with objections which at the hearing Fiserv's counsel admitted were baseless. As a result, there is no justification for Fiserv's delay and the EEOC is entitled to its costs associated with bringing the motion.

At the hearing this Court tried to determine whether the delay was caused by Fiserv or Fiserv's attorney.  Fiserv's counsel informed this Court that is was "a little of both."  Because it appears that both defense counsel and Fiserv are equally responsible for the delay in the discovery responses, defense counsel and Fiserv are jointly liable for the EEOC's reasonable expenses incurred in making this motion.  The EEOC has until **April 28, 2006**, to file a statement of its costs associated with bringing the motion to compel.  Fiserv has until **May 5, 2006**, to file any objections to the statement.

      B.      <u>Fiserv's Responses are Insufficient</u>

The EEOC also argues that the responses that Fiserv has provided are deficient because Fiserv has waived the right to object and that the objections are meritless.  Fed. R. Civ. P. 33(b)(4) states that any grounds for an objection must be timely made or they are waived.  Because Fiserv failed to timely respond to the discovery requests, any objections are now waived.

In addition, Fiserv has objected to the discovery requests based on relevancy, vagueness, attorney-client privilege, and work product doctrine.  Because Rule 26 requires liberal discovery, Fiserv's objections of relevancy and vagueness are without merit.  Furthermore, Fiserv admitted at the hearing that none of the requested documents are covered by the attorney-client privilege or the work product doctrine.  Consequently, Fiserv should provide complete responses to the EEOC's discovery requests.

This Court notes that the EEOC specifically pointed to Fiserv's deficient answers to the interrogatories.  Fiserv contends that they have answered the questions to the best of their ability and it is not their fault if the EEOC does not understand the responses.  This Court is deeply

troubled by this response, especially after reviewing the interrogatories.  Fiserv merely states that they never employed Jeffrey Stahl and is therefore, not a proper party to this lawsuit.  This answer is not responsive to the question.  While Fiserv may feel that they are not proper parties to the lawsuit, this is an argument to be raised in a proper dispositive motion, but is not the basis for a discovery objection.  Fiserv may assert the defense, but should still provide responsive information.  As a result, the EEOC's motion to compel is granted.  Fiserv has until **May 5, 2006**, to serve the EEOC with supplemental discovery responses which conform with this Court's order.

As stated in open court, this order resolves the issues that are currently pending before this Court.  Upon receiving the supplemental responses, if discovery disputes remain, either party may file the appropriate motion after complying with N.D. L.R. 37.1.

**IV.   CONCLUSION**

For the aforementioned reasons, this Court **GRANTS** the EEOC's motion to compel [Doc. No. 17].  The EEOC has until **April 28, 2006**, to file a statement of its costs associated with the motion to compel.  Fiserv has until **May 5, 2006**, to file any objections to the statement.  In addition, Fiserv has until **May 5, 2006**, to serve the EEOC with supplemental discovery responses which conform with this Court's order.

**SO ORDERED.**

Dated this 18th Day of April, 2006.

s/Christopher A. Nuechterlein
Christopher A. Nuechterlein
United States Magistrate Judge
